

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN 11

**GROVER SELLERS**
**ATTORNEY GENERAL**

Mr. A. E. Sutton
County Auditor
Anderson County
Palestine, Texas

Dear Sir:                    Opinion No. 0-6187

Re: Pipelines subject to taxation in
and for Anderson County Levee
Improvement District No. One.

On September 1, 1944, you addressed to this office a
letter requesting the opinion of the Attorney General as to the
taxability of certain pipelines within Anderson County Levee Im-
provement District No. One. Your letter is here set out:

"There was established by an order of the Com-
missioners' Court, recorded in Volume 18, page 197,
of the Commissioners' Court Minutes of Anderson
County, Texas, that was called in said order 'ANDERSON
COUNTY LEVEE IMPROVEMENT DISTRICT NUMBER ONE'. This
Levee Improvement District was declared by said or-
der 'to be a body corporate with full power to ef-
fect the reclamation, protection and improvement of
lands and other property, authorized by the provi-
sions of Chapter 146 of the General Laws of the 34th
Legislature of the State of Texas'.

"Heretofore the tax collector of this County has
been furnished the rate for the Levee Improvement tax
and has assessed and collected the taxes for the dis-
trict.

"However, there are now three pipelines running
through the levee district. The pipeline companies,
I understand, have acquired right-of-ways for their
lines from the various owners of the land in the levee
district but it is contended that these pipelines are
personal property and are not subject to the levee
district benefit tax. Please advise me whether or not
these pipelines are subject to taxation for the benefit
of the levee district in addition to the usual ad valorem
taxes. Also please advise me whether or not it is the
duty of the tax collector to fix the rate on ad valorem

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Mr. A. E. Sutton, page 2

basis and assess and collect these taxes, as provided in Art. 7998, Texas Revised Civil Statutes."

In reply to our request for additional facts, you kindly sent us on September 15, 1944, a second letter in which you advised that this improvement district was established in 1916 and that the pipelines which run through the district are the property of private corporations. Attached to this letter was a copy of the order of the Commissioners' Court creating and establishing Anderson County Levee Improvement District No. One.

Since this Levee Improvement District was established in 1916, it was necessarily created under the provisions of Chapter 146 of the General Laws of the Thirty-fourth Legislature of 1915. This act was specifically repealed by Acts 1925, Thirty-ninth Legislature, Chapter 21, Page 80, Section 66. But at the same time and as a part of the same act (Articles 8039 and 8040, V.A.C.S.) the Legislature saved and continued in effect the provisions of the repealed act as to levee improvement districts already organized and existing by virtue of said repealed act. The Court of Civil Appeals at Texarkana in Hopkins County Levee Improvement District No. 1 et al v. Smith (error refused) 266 S.W. 800, construed 1915 Act as a whole and held that:

Section one of said Act provided for taxation for the payment of bonds if any issued by the district and also for the levy and collection of taxes for maintenance and upkeep of improvements; and that:

Section seven of said Act authorized the improvement district to provide funds for its legal purposes in such manner as such district might deem best; and that:

Section 44 of said Act authorized the improvement district acting through the commissioners' court of the respective counties to levy and cause to be assessed and collected for maintenance and upkeep of levees and other improvements a tax on all the property, real, personal and mixed within said district. See also 27 Tex. Jur. 451. "The taxes may be levied on personal as well as real property situated within the district, both being equally subject to damage from overflow." Dallas County Levee District No. 2 v. Looney, 109 Tex. 326, 207 S.W. 310.

No distinction is to be made between real property and personal property owned by private persons or by private corporations for the purposes of taxation by and for levee improvement

Mr. A. E. Sutton, page 3

districts, and thus there would seem to be no reason to discuss the question as to whether or not the pipelines mentioned in your letter constitute real or personal property.

Article 8040, Vernon's Annotated Civil Statutes, is quoted as follows:

"This Act is intended to take place of all such Statutes repealed hereby. All levee improvement districts that have been organized heretofore, or that have availed themselves of the provisions of such law, shall be governed by the provisions of this Act, and the plan of taxation therein provided for shall not be affected or changed by this Act. Any such districts which have not completed any improvements begun under the provisions of any former law shall be governed in the issuance of bonds and the completion of such improvements by the provisions of the Act or Acts under which they were created; and provided, further, that the repeal of Chapter 146, Acts of the Regular Session of the Thirty-fourth Legislature, shall not affect any districts heretofore created under the provisions of that act, nor districts created under any former laws having for their objects the reclamation and protection of lands through a system of levees and drainage, and which have not heretofore become conservation and reclamation districts, but all rights, powers and privileges granted such districts by the Acts under which they were organized, and amendments thereto, are hereby directly preserved to such districts."

The language used in this Article leaves the legislative intent somewhat unclear; but, assuming that Anderson County Levee Improvement District No. One had not theretofore become a conservation and reclamation district as provided by Arts. 8194 and 8197, V. A. C. S., its taxation plan, we believe, would remain according to the law under which it was organized. That law is Chapter 146, Acts 34 Leg. 1915.

You are, therefore, advised that in our opinion such pipelines are subject to taxation by and for the levee district and that the Tax Collector, acting for and under the guidance of the Commissioners' Court, under the provisions of Chapter 146, General Laws, 34th Legislature, 1915, may assess and collect such taxes.

APPROVED OCT 2 1947

RFC/JCP

Yours very truly,

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN

By Robert T. Cherry
Assistant